UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONTINENTAL CASUALTY
COMPANY, et al.,

No. 05 Civ. 7874 (LTS)(JCF)

                      Plaintiffs,

    -against-

AMERICAN HOME ASSURANCE
COMPANY, et al.,

                      Defendants.

MEMORANDUM OPINION AND ORDER

        In this action brought against Defendants American Home Assurance Company ("AHA") and Foamex, L.P. ("Foamex"), Plaintiffs Continental Casualty Company ("Continental") and Sealy, Inc. ("Sealy") assert several causes of action relating to AHA's obligations under certain insurance policies, and Foamex's obligations pursuant to an agreement between Foamex and Sealy. This matter comes before the Court on the motion of Defendants to dismiss the Amended Complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a necessary and indispensable party. The Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332.

        The critical issue in this case is whether Sealy Mattress Manufacturing Company ("Sealy Mattress"), an affiliate of Sealy, is a necessary and indispensable party to the action. The Court has considered thoroughly all the parties' submissions and, for the following reasons, Defendants' motion to dismiss the Amended Complaint is denied.

BACKGROUND

The following facts are taken as true for purposes of the instant motion practice. Plaintiff Continental is an Illinois corporation with its home office in Chicago, Illinois. (Am. Compl. ¶ 2.) Plaintiff Sealy is an Ohio corporation with its principal place of business in Trinity, North Carolina. (Id. ¶ 3.) Defendant American Home Assurance is a New York corporation with its principal place of business in New York, New York. (Id. ¶ 4.) Defendant Foamex is a Delaware limited partnership whose members are citizens of Delaware and Pennsylvania. (Id. ¶¶ 5-7.) Defendants assert that if Sealy Mattress, a Delaware corporation, were joined, diversity jurisdiction would be lacking.

At the time of the transactions underlying the claims asserted here, Foamex was in the business of developing, manufacturing, and supplying flexible polyurethane foam for bedding. (Id. ¶ 13.) Sealy was in the business of manufacturing mattress and foundation products. (Id. ¶ 14.) On January 1, 2002, Sealy and Foamex entered into an agreement (the "Supply Agreement") under which Sealy agreed to sell baled mattress scrap to Foamex and Foamex agreed to purchase the same from Sealy. (Id. ¶¶ 15, 19.) The Supply Agreement recited that Foamex "agrees to extend to each of Sealy's Affiliates ('Affiliates'), either held by Sealy or Sealy's owner Bain Funds[,] the same terms and conditions of this agreement." (Id. ¶ 16.) At all relevant times, Bain Funds had a significant ownership interest in Sealy Mattress. (Id. ¶18.) The Supply Agreement further required Foamex to obtain commercial general liability insurance and commercial automobile insurance, and name Sealy as an additional insured thereunder. (Id. ¶ 25.) Foamex was required to provide "Sealy Affiliates," such as Sealy Mattress, with this same coverage. (Id. ¶ 27.) Sealy was added as an additional insured under policies that AHA issued to Foamex. (Id. ¶ 28.)

On September 25, 2002, Delbert Wardwell, Sr. ("Wardwell"), while acting in the course of his employment with Foamex, was seriously injured while attempting to unload a trailer on Foamex's premises containing bundles of Sealy's baled mattress scrap. (Id. ¶ 20.) On or about December 31, 2002, Wardwell filed suit against Sealy Mattress and Satterfield Trucking Corporation, alleging negligent failure to properly load the bundles of bedding in the truck, among other allegations. (Id. ¶¶ 22, 23.) In July 2003, Sealy advised Foamex of the lawsuit and indicated that it would be filing a claim for defense and indemnity with Foamex's insurer, AHA. (Id. ¶ 36.) In May 2004, AHA disclaimed any obligation to defend or indemnify Sealy in connection with the Wardwell suit, citing the indemnification provision in the Supply Agreement, the language of the additional insured endorsements, and certain exclusions contained in AHA's insurance policies. (Id. ¶ 40.) As a result of AHA's denial of an obligation to defend and indemnify, Sealy's own insurance carrier, Continental, defended and indemnified Sealy Mattress in the suit. (Id. ¶ 44.) On September 12, 2005, Sealy Mattress and Satterfield settled with Wardwell. (Id. ¶ 24.) Continental and Sealy's share of this amount was $900,000. (Id.)

Plaintiffs Continental and Sealy seek relief in the form of a declaration that AHA has a duty to defend and indemnify Sealy and its Affiliates in connection with the underlying claims. (Id. ¶ 77.) Plaintiffs also seek consequential, compensatory and punitive damages for breach of contract against AHA and Foamex. (Id.)

DISCUSSION

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) on the ground that Plaintiffs have failed to name Sealy Mattress as a necessary and indispensable party pursuant to Federal Rule of Civil Procedure 19.

Fed. R. Civ. P. 19 Standard

Rule 19 governs whether Sealy Mattress is an indispensable party to this litigation. The rule establishes a two-step process for determining whether an action should be dismissed for non-joinder. First, the Court must evaluate whether the party is "necessary" under rule 19(a)(1). A party is necessary if (A) in the party's absence the court cannot accord complete relief among existing parties, or (B) that party claims an interest relating to the subject of the action and is so situated that disposing of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect the interest, or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent liability obligations because of the interest. Fed. R. Civ. P. 19(a)(1). If a party is deemed necessary, then it must be joined if feasible. Id.

Second, if joinder is infeasible because it would deprive the court of jurisdiction, the Court proceeds under Rule 19(b) to determine whether "in equity and good conscience" the action should continue among the existing parties or be dismissed. Rule 19(b) lists four factors to consider in determining whether a party is indispensable: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing party; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence

would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Fed. R. Civ. P. 19(b). Therefore, if a party is found to be necessary pursuant to Rule 19(a)(1) but joinder is infeasible, the action should only be dismissed if that party is also found to be indispensable pursuant to Rule 19(b). Polargrid v. VSNL, No. 04 Civ. 9578, 2006 WL 2266351, *9 (S.D.N.Y. Aug. 7, 2006).

For the following reasons, the Court finds that Sealy Mattress is not a necessary party, and therefore need not reach the issue of indispensability.

### A. Rule 19(a)(1)(A): Can Complete Relief Be Granted Among Present Parties?

A party is deemed necessary to a litigation if, in the party's absence, complete relief cannot be granted among the parties present. Fed. R. Civ. P. 19(a)(1)(A). This prong of the rule "stresses the desirability of joining those persons in whose absence the court would be obligated to grant partial or 'hollow' rather than complete relief to the parties before the court." Fed. R. Civ. P. 19 (advisory committee's note). Here, complete relief can be granted among the parties present because every party from or against whom Plaintiffs seek relief on this matter is named as a defendant. Thus, there is no risk that the court will have to grant Plaintiffs "hollow" relief. Complete relief does not refer to relief "between a party and the absent person whose joinder is sought." Arkwright-Boston Mfrs. Mut. v. City of New York, 762 F.2d 205, 209 (2d Cir. 1985).

Defendants improperly interpret the Second Circuit's decision in Arkwright to mean that, in a subrogation suit brought by an insurer, the insured (here, Sealy Mattress) is always a necessary party. Arkwright-Boston only dealt with partial subrogation. Id. A partial subrogation case is one in which the insurer has only paid for part of the insured's loss, and the

insurer brings a claim against a third party for the amount the insurer paid. In such instances, both parties may reasonably be considered "necessary." Otherwise, the insurer and insured might bring separate suits on the same claim against the third party, and "complete" relief might not be available in a single suit.[1] If an insurer has paid the entire loss suffered by the insured, however, the insurer is the only real party in interest, and there is no concern that complete relief cannot be granted in a single action. See Royal Ins. Co. of Am. v. United States, 998 F. Supp. 351, 353 (S.D.N.Y. 1998) (holding that a fully subrogated insurer must sue in its own name). In the instant case, Continental paid Sealy Mattress's entire loss. As a result, Continental is the only real party in interest on the subrogation claim and can be granted complete relief.

Defendants also rely on Global Discount Travelers v. TWA, 960 F. Supp. 701 (S.D.N.Y. 1997), for the proposition that "complete relief" cannot be granted in Sealy Mattress' absence. Although the court in Global Discount held that complete relief could not be granted without the absent party, the absent party at issue was a direct party to the contract in dispute, and was entitled to the same rights as the plaintiff. Because of this relationship, the absent party was necessary in order to avoid repeated lawsuits on the same subject matter. Id. at 708. Here, Sealy Mattress is not a direct party to the contract, and, as shown below, Defendants will not be subject to repeated lawsuits from Sealy or Sealy Mattress.

---

[1] Despite this logic, Rule 19(a)(1) is only concerned with whether complete relief can be accorded among the parties present. Therefore, even in a partial subrogation case, the insured should not be considered a necessary party since the insurer can obtain "complete relief" for its own losses without the insured being joined.

### B. Rule 19(a)(1)(B)(i): Will Sealy Mattress's Ability to Protect Its Interest be Impaired?

Rule 19(a)(1)(B)(i) provides that, if proceeding in a party's absence would practically impair that party's ability to protect its interest in the litigation, then the party should be joined. Defendants contend, without much specificity, that Sealy Mattress's rights under the Supply Agreement will be resolved by this proceeding, and that it therefore is a necessary party. However, Defendants do not articulate any clear reason as to why Sealy Mattress's rights will not be adequately protected in its absence. For the following reasons, the Court finds that Sealy Mattress is not a necessary party under Rule 19(a)(1)(B)(i) since its ability to protect its interest in this litigation will not be impaired by its absence.

For a party to be necessary within the meaning of Rule 19(a)(1)(B)(i), the absent party must be the one claiming the interest. See Peregine Myanmar Ltd. v. Segal, 89 F.3d 41, 49 (2d Cir. 1996). A party named in the litigation cannot assert the interest on the absent party's behalf. Id. Here, Sealy Mattress does not claim an interest in the litigation. Defendants attempt to assert the interest on Sealy Mattress's behalf. This is not sufficient to make Sealy Mattress a necessary party.[2]

Additionally, the fact that a party may have an interest in the litigation is not sufficient to make that party necessary pursuant to Rule 19. When an identity of interest exists between two parties, and one of the parties will sufficiently represent those interests, the other party is not necessary to the litigation. See, e.g., Polargrid, 2006 WL 2266351, at *10 (holding that Plaintiff's subsidiaries and affiliates were not necessary parties because their interests would

---

[2] Presumably, Sealy Mattress (as an affiliate of Sealy) is aware of this litigation, and has entrusted Sealy to protect any interest it has in the litigation.

be well represented by Plaintiff); Bank of America v. Lemgruber, 385 F. Supp. 2d. 200, 232-33 (S.D.N.Y. 2005) (holding that Plaintiff's affiliates were not necessary parties because their interests would be adequately protected by Plaintiff).

Here, the interests of Sealy and Sealy Mattress are the same. Sealy, the party present, contracted with Defendant Foamex specifically to procure coverage for itself and affiliates such as Sealy Mattress. Thus, Sealy's interest in ensuring that Defendants Foamex and AHA uphold their obligations under the Supply Agreement is sufficient to ensure that any interest Sealy Mattress has is adequately protected.

Furthermore, necessary parties under Rule 19(a)(1)(B)(i) are "only those parties whose ability to protect their interests would be impaired because of that party's absence from the litigation." Mastercard Int'l Inc. v. Visa Int'l Service Ass'n, 471 F.3d 377, 387 (2d Cir. 2006). In Mastercard, FIFA had given Visa exclusive sponsorship rights in violation of Mastercard's right of first refusal concerning those rights. Mastercard sued FIFA for breach of contract and sought to enjoin FIFA from performing the Visa contract. Id. at 380-81. Visa claimed it was a necessary party under Rule 19(a)(1)(B)(i) because its interests were clearly implicated in the litigation. Id. at 385. The Second Circuit ruled that Visa was not a necessary party because "the harm Visa may suffer is not caused by Visa's absence from [the] litigation. Any harm would result from FIFA's alleged conduct in awarding Visa sponsorship rights it could not legally give." Id. at 387 (emphasis in original). Similarly, in the instant case, any harm Sealy Mattress may suffer would not be caused by its absence from the litigation, but rather by the insufficiency of arrangements pursuant to the Supply Agreement to cover it in

connection with the underlying loss.[3] Cf. Crouse-Hinds Co. v. InterNorth Inc., 634 F.2d 690, 701 (2d Cir. 1980) (holding that a party to a merger agreement was a necessary party to a counterclaim seeking to enjoin the merger because the party's interest would have been seriously impaired if it were not a party to the action).

Defendants rely on Shimkin v. Tomkins, McGuire, Wachenfeld & Barry for the proposition that, "if the resolution of the plaintiff's claim would require the definition of a non-party's rights under a contract, 'it is likely' that the non-party is necessary under Rule 19(a)." No. 02 Civ. 9731, 2003 WL 21964959, at *4 (S.D.N.Y. Aug. 19, 2003). Specifically, Defendants contend that, since Plaintiffs' claims require the court to determine Sealy Mattress's rights under the Supply Agreement, Sealy Mattress is a necessary party. However, in Shimkin, the absent party was a direct party to the contract at issue. In order for the absent party to protect its interests, it was necessary for it to be a party to the litigation. Again, the instant case is distinguishable because Sealy Mattress's interests only arise out of the fact that it stood to benefit under the contract although it was not a party thereto. Interests of this kind are insufficient to make Sealy Mattress a necessary party. See e.g., Polargrid 2006 WL 2266351, at *10; see also Fed. R. Civ. P. 17(a)(1)(f) (providing that a party in whose name a contract has been made for another's benefit may sue in its own name without joining the person for whose benefit the action is brought).

---

[3] The Court expresses no opinion as to the merits of this action.

### C. Rule 19(a)(1)(B)(ii): Will Any Present Party Be Subject to Multiple or Inconsistent Liability?

A party is necessary, and must be joined in the lawsuit, if that party's absence would leave an existing party to the lawsuit subject to a substantial risk of incurring double, multiple, or otherwise inconsistent liability obligations. Fed. R. Civ. P. 19(a)(1)(B)(ii). Defendants argue that they face a substantial risk of multiple or inconsistent liability if Sealy Mattress is not joined because, if Sealy Mattress is not joined, it could bring a subsequent suit against Defendants on the same claim, and another court may make an inconsistent declaration as to Sealy Mattress's rights and obligations under the Supply Agreement. The Court finds Defendants' argument unpersuasive.

A party is barred from litigating a cause of action if it is in privity with a party who has already litigated the same cause of action. See Polargrid v. VSNL, 2006 WL 2266351, *10. "Privity will be found where a party's interest in litigation is virtually identical to an interest it had in a prior litigation, where it was not actually named but can said to have had 'virtual representation.'" Id.

Sealy Mattress is, without a doubt, in privity with Sealy. One of the express purposes of the Supply Agreement was to procure insurance coverage for Sealy affiliates such as Sealy Mattress. Insofar as this case deals with that coverage, Sealy and Sealy Mattress's interests are identical. Sealy is effectively representing Sealy Mattress's interests in the case by seeking to enforce the provisions of the Supply Agreement that ensure coverage for Sealy Mattress. Therefore, *res judicata* will preclude Sealy Mattress from bringing this breach of contract claim against Defendants in the future.

Because this Court finds that Sealy Mattress is not a necessary party pursuant to Rule 19(a)(1), the Court need not decide the issue of whether Sealy Mattress is indispensable under Rule 19(b). Accordingly, Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) is denied.

## CONCLUSION

Defendant's motion to dismiss the Amended Complaint (docket entry no. 25) is denied.

In light of the July 24, 2006, Order of the U.S. Bankruptcy Court for the District of Delaware, granting relief from the automatic stay imposed in connection with Foamex's bankruptcy proceedings (see docket entry no. 16, Attachment 1), this case is restored to the active calendar. The parties shall prepare for, and appear at, a pretrial conference before the undersigned in accordance with the Initial Conference Order issued this same day.

SO ORDERED.

Dated: New York, New York
April 14, 2008

/s/ LAURA TAYLOR SWAIN
United States District Judge