UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

Continental Casualty Co. et al.,

       Plaintiffs,

  -v-                                       No.  05 Civ. 7874 (LTS)(JCF)

American Home Assurance Co. et al.,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

This action arises out of the parties' dispute regarding the scope of an "additional insured" provision in insurance policies issued by defendant American Home Assurance Company ("American Home") to defendant Foamex, L.P. ("Foamex") (collectively, "Defendants") (the "American Home / Foamex Policies").  Plaintiff Continental Casualty Company ("Continental") seeks to recover its $900,000 contribution to a $1,900,000 tort settlement paid by its insured, plaintiff Sealy, Inc. ("Sealy") (collectively, "Plaintiffs"), to a Foamex employee who was injured while working with Sealy during the course of his employment with Foamex (the "Underlying Settlement").  Plaintiffs assert a right to indemnification on the grounds that Sealy is a covered "additional insured" under the American Home / Foamex Policies, and Plaintiffs have asserted a claim for damages and for a declaratory judgment determining the scope and nature of their obligations to Defendants.  The Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332.

American Home moves for partial summary judgment on the issue of which law governs the American Home / Foamex Policies.  The Court has considered thoroughly the

parties' submissions. For the following reasons, the Court grants American Home's motion for application of Pennsylvania law.

BACKGROUND

The following facts are undisputed, except as otherwise indicated.[1] Continental is an Illinois corporation with its statutory home office in Chicago, Illinois. (Def.'s 56.1 St. ¶ 1.) Sealy is an Ohio corporation with its principal place of business in Trinity, North Carolina. (Def.'s 56.1 St. ¶ 2.) American Home is a New York corporation with its principal place of business in New York, New York. (Def.'s 56.1 St. ¶ 3.) Foamex is a Delaware limited partnership with its principal place of business in Linwood, Pennsylvania.[2] (Pl.'s 56.1 St. ¶ 4.)

Foamex and Sealy entered into a supply agreement on January 1, 2002, that required Foamex to obtain insurance naming Sealy and its affiliates as additional insured parties. George L. Karpinski, Senior Vice President of Foamex, operating out of Foamex's Pennsylvania headquarters, served as the "Contact" at Foamex in procuring the requisite insurance policies.[3]

---

[1] Citations to the parties' respective S.D.N.Y. Local Civil Rule 56.1 Statements ("__ 56.1 St.") incorporate by reference citations to the underlying evidentiary submissions. Any citation to a party's 56.1 Statement takes into account any response submitted by the party's adversary.

[2] Although Plaintiffs have proffered evidence that Foamex is engaged in business operations throughout the country and the world, and that by some measures Foamex has larger operations in states other than Pennsylvania (Def.'s 56.1 St. ¶ 4), it is undisputed that Foamex, in its annual report, identifies Pennsylvania as the location of its principal executive offices (Strikowski Aff., Ex. I). Plaintiffs have not proffered any evidence to suggest that any other state would more appropriately qualify as Foamex's principal place of business. See Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (U.S. 2010) (defining "principal place of business" as "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center'").

[3] Although Plaintiffs challenge the sufficiency of the proffered evidence demonstrating that Karpinski worked in Pennsylvania, they proffer no evidence of their own to frame a

(Def.'s St. ¶¶ 31, 33.)  Marsh U.S.A., located in Philadelphia, Pennsylvania, served as Foamex's insurance broker, and its proposal on behalf of Foamex was drafted in Pennsylvania.  (Def.'s 56.1 St. ¶¶ 7-14.)  Marsh U.S.A. negotiated with American Home on Foamex's behalf with American Home's representative in Pennsylvania, and the policies were prepared and executed in Pennsylvania.  (Def.'s 56.1 St. ¶¶ 15-28.)

The Underlying Settlement arose out of an incident that occurred on the premises of Foamex's facility in Morristown, Tennessee, while the injured party, Delbert Wardwell, Sr., was unloading a trailer allegedly owned by Sealy and negligently loaded by Sealy and the transportation company, Satterfield.  (Def.'s 56.1 St. ¶¶ 38-41.)  On behalf of Sealy, Continental contributed $900,000 to the $1,900,000 settlement paid by Sealy and Satterfield to Wardwell.  (Def.'s 56.1 St. ¶¶ 43-45.)

## DISCUSSION

New York and Pennsylvania are the only states whose law the parties identify as potentially applicable to the interpretation of the additional insured provisions in the American Home / Foamex Policies.  There is no dispute that there is a genuine conflict between the laws of the two states regarding the question presented in this litigation and that New York choice of law principles will determine which law governs the policies.

"Under New York's 'center of gravity' or 'grouping of contacts' approach to choice-of-law questions in contract cases, we are required to apply the law of the state with the 'most significant relationship to the transaction and the parties.'" Certain Underwriters at Lloyd's

---

genuine issue of material fact as to Karpinski's place of work.  (Pl.'s 56.1 St. ¶ 33.)  This Court's Local Rules provide that each of the movant's proffered statements of material fact, supported by admissible evidence, shall be deemed admitted unless controverted by a citation to admissible evidence by the non-movant.  See S.D.N.Y. Local Civil Rule 56.1.

London v. Foster Wheeler Corp., 36 A.D.3d 17, 21 (1st Dep't 2006) (citing Zurich Ins. Co. v. Shearson Lehman Hutton, Inc., 84 N.Y.2d 309, 317 (N.Y. 1994). Where, as here, the location of the risk cannot be confined to one state because the liability insurance policy at issue covers the policyholder for potential risks in multiple states, consideration of the governing interests of the competing jurisdictions weighs in favor of applying the law of the insured's domicile. Foster Wheeler, 36 A.D.3d at 22 (identifying four principal government interests: "(1) regulating conduct with respect to insured risks within the state's borders, (2) assuring that the state's domiciliaries are fairly treated by their insurers; (3) assuring that insurance is available to the state's domiciliaries from companies located within and without the state; and (4) regulating the conduct of insurance companies doing business within the state's borders."). The law of the insured's domicile is also the factor best suited to determining governing law in a manner that satisfies the choice of law goals of "certainty, predictability and uniformity of result" and "ease in the determination and application of the law to be applied." Foster Wheeler, 36 A.D.3d at 23 (citing Restatement (Second) of Conflict of Laws § 6(2)(f)-(g)).

      Plaintiffs' proffers regarding Foamex's various commercial activities outside of Pennsylvania fail to frame a genuine issue of material fact regarding Foamex's domicile in Pennsylvania. Moreover, Plaintiffs have failed to identify any interest on the part of New York that would outweigh Pennsylvania's interest in regulating an insurance contract brokered and negotiated in Pennsylvania by a Pennsylvania branch of a New York insurance company insuring a Pennsylvania domiciliary. New York's extensive role in regulating American Home's parent company, AIG, following that company's difficulties in 2008 is an insufficient counterweight: whereas the near-collapse of AIG had a significant impact on New York's financial industry, the interpretation of the American Home / Foamex Policies here will merely resolve whether a New

York insurance company is liable, based on policies insuring a Pennsylvania domicile, to an Illinois insurance company for a portion of a settlement paid to a Tennessee resident on behalf of an Ohio corporation domiciled in North Carolina.

Accordingly, applying the New York choice of law principle that in circumstances such as those obtaining here "the state of domicile [of the insured] is the source of applicable law," Foster Wheeler, 36 A.D.3d at 24, and finding no interest or contacts on the part of New York sufficient to overcome the application of this principle, see In re Liquidation of Midland Ins. Co., 7I A.D.2d 221 (1st Dep't 2010), the Court concludes that Pennsylvania law governs the parties' dispute regarding the interpretation of the American Home / Foamex Policies.

## CONCLUSION

For the foregoing reasons, American Home's motion for partial for summary judgment seeking application of Pennsylvania law is granted. This Order resolves docket entry no. 54.

SO ORDERED.

Dated: New York, New York
July 22, 2010

LAURA TAYLOR SWAIN
United States District Judge